CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2017 SEP -8 AM 11: 53
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEREZA FARAGOZA, | § | |
| Plaintiff, | § § § | |
| v. | § | 2:16-CV-46 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION
## TO AFFIRM THE DECISION OF THE COMMISSIONER

Plaintiff TEREZA FARAGOZA brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant NANCY A. BERRYHILL, Acting Commissioner of Social Security (Commissioner), denying plaintiff's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI). For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

Plaintiff's first application for DIB and SSI was filed on December 20, 2010. (Tr. 199). The application received an unfavorable opinion. (Tr. 196-205). On June 28, 2013, the ALJ found that plaintiff's SSI application should be denied because plaintiff had property that was a countable resource making her ineligible for SSI. (Tr. 200).

It does not appear plaintiff appealed the June 28, 2013 decision but, instead, filed new applications for DIB and SSI on July 9, 2013. (Tr. 35, 325-40). Plaintiff claimed an onset date of June 1, 2012. (Tr. 334). The DIB application was initially denied on February 13, 2014, and was denied on reconsideration on May 16, 2014. (Tr. 243-46, 257-59). Plaintiff filed a request for a hearing, which was conducted on February 19, 2015. (Tr. 35-48). An unfavorable decision was issued on the second DIB application on May 20, 2015. (Tr. 29-53). The ALJ found no basis for reopening plaintiff's prior application. (Tr. 35). The ALJ found plaintiff had the following severe impairments: right shoulder rotator cuff tear, diabetes mellitus type II, asthma, and depression. (Tr. 37-38). He determined none of plaintiff's impairments met or equaled the severity of a listed impairment. (Tr. 38). The ALJ next evaluated plaintiff's RFC, reaching the conclusion plaintiff was able to perform light work, which would include the following limitations: plaintiff could occasionally lift and carry or push and pull 20 pounds; frequently lift and carry or push and pull 10 pounds; could stand and/or walk for at least six hours in an eight-hour workday; could sit at least six hours in an eight-hour workday; could occasionally climb, balance, bend stoop, kneel, crawl, and crouch; could not climb ladders, ropes or scaffolds; occasionally could reach, grasp, handle, feel, and finger with the right arm; have occasional exposure to dust, fumes, gasses, etc.; have simple/routine tasks; and only have superficial contact with coworkers, supervisors, and the public. (Tr. 40-46). The ALJ found claimant could not return to her past relevant work but then found, considering the plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy plaintiff could perform. (Tr. 47-48). Specifically, the ALJ noted plaintiff could perform the requirements of occupations such as a cotton classer aide, counter clerk, and blending tank tender helper. (*Id.*).

Upon the Appeals Council's denial of plaintiff's request for review on January 31, 2016, the ALJ's determination that plaintiff was not under a disability during the relevant time period became the

final decision of the Commissioner. (Tr. 1-6). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

The Court will include a brief summary of the medical record since the issues plaintiff raises do not attack the ALJ's finding regarding plaintiff's impairments or the residual functional capacity determination.

Plaintiff was seen by Leigha Barnes, P.A. at Regence Health Network beginning December 27, 2012. (Tr. 521-638). Her treatment was primarily for depression, diabetes, diabetic peripheral neuropathy, GERD, hypertension, asthma, allergies, degenerative joint disease, and oral candidiasis. (*Id.*).

Plaintiff was also seen by Texas Panhandle Centers several times with complaints of depression and anxiety. (Tr. 511-20, 1106-19). Plaintiff went to several appointments but was noted as a no-show at several others. (*Id.*).

Plaintiff was seen by James Roatan, M.D. for a consultative examination. (Tr. 485-94). He found plaintiff could sit, stand, and walk normally in an 8-hour workday, had moderate limitations in lifting and carrying weight due to right upper extremity pain, decreased range of motion, weakness, but found no limitations on bending, stooping, crouching, squatting, etc. Dr. Roatan found manipulative limitations on the right side only for reaching, handling, feeling, grasping, and fingering, finding these movements should only be done occasionally on the right side. (*Id.*).

Another consultative examination was performed by Addison E. Gradel, Ed.D. on February 3, 2014. (Tr. 505-09). Dr. Gradel found plaintiff had pain disorder due to medical conditions and associated psychological factors, dysthymic disorder, anxiety disorders, dysomnia, and a global assessment functioning of 65. (*Id.*). Her prognosis was that plaintiff's mental emotional disorder had improved on her current medication and would likely improve further with ongoing medication management, counseling, and better resolution of the pain condition. (*Id.*).

On April 23, 2014, James Parker, M.D., saw plaintiff, who presented with complaints of bilateral shoulder and left knee pain. (Tr. 734-37). After examination, she was diagnosed with generalized arthralgia and a rotator cuff rupture. (*Id.*).

On September 19, 2014, plaintiff was admitted to Northwest Texas Healthcare System from September 19–24, 2014 as a result of having suicidal thoughts. (Tr. 646-60).

Plaintiff received physical therapy from Total Physical Therapy from February 2015 to March 2015, for her right shoulder and cervical spine. (Tr. 1136-70). Plaintiff did not feel she gained any strength or range of motion in her right shoulder during the course of therapy but did note decreased pain in her cervical spine region. (*Id.*).

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings, and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). To determine whether substantial evidence of disability exists, the following elements must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different

finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Stated differently, the level of review is not *de novo*. The fact that the ALJ *could* have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ's decision.

III.
ISSUES

Plaintiff raises two issue on appeal:

1. The ALJ failed to reopen the plaintiff's prior SSI applications.

2. The plaintiff was not capable of performing the jobs identified by the vocational expert.

IV.
MERITS

A. The Court does not have jurisdiction to review the ALJ's refusal to reopen plaintiff's SSI applications.

Plaintiff asserts the ALJ should have reopened the SSI applications either because (1) the ALJ's rationale was erroneous and rose to the level of fraud or similar fault or, alternatively, that (2) good cause existed to reopen the prior applications because new and material evidence was provided. Pl.'s Br., ECF No. 14, at 4-7. Plaintiff alleges her application should have been reopened because the ALJ's finding that a property located at 2103 S. Houston was a resource making her ineligible for SSI was incorrect. *Id.* at 8. Plaintiff contends she did not own the 2103 S. Houston property. She further alleges the ALJ's reasoning was "patently flawed and rises to the level of fraud or similar fault." *Id.* at 8-9. Alternatively,

she argues that good cause exists to reopen the application to provide evidence showing plaintiff did not own the property and/or that the decision was clearly erroneous. *Id.* at 9.

In her response brief, defendant contends the Court does not have jurisdiction to review the ALJ's decision regarding a refusal to reopen a prior application and that even if there were jurisdiction, none of the criteria governing when a case may be reopened have been satisfied. Def.'s Br., ECF No. 15, at 3.

Plaintiff did not file a reply to defendant's response brief and has not addressed the jurisdictional argument.

In *Califano v. Sanders*, the Supreme Court made clear neither the Administrative Procedure Act nor § 205(g) of the Social Security Act confer jurisdiction on the courts to review a final decision of the Secretary not to reopen a claim for benefits. 430 U.S. 99 (1977). The only instance the Court noted in which a court would have jurisdiction is if the challenge to the Secretary's decision was based on constitutional grounds. *Id.* at 107-08. The Court noted respondent had not challenged the denial of the petition to reopen based on constitutional grounds but rather sought "only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standard for disability benefits." *Id.* at 109.

Consequently, even if plaintiff's allegations about the property in question are correct and the ALJ erred in the first denial of benefits, plaintiff has not alleged the failure to reopen violated any constitutional provisions. Accordingly, the Court does not have jurisdiction to review the Secretary's decision not to reopen the first (2010) claim for benefits.

### B. The ALJ did not err at Step 5 in finding plaintiff could perform a significant number of jobs in the national economy, as testified by the vocational expert.

Plaintiff alleges she could not perform the jobs identified by the vocational expert (VE) with the RFC determined by the ALJ because (1) the ALJ found she could only have superficial contact with coworkers, supervisors, and the public and the job of counter clerk or cotton classer aide would require

more than superficial contact, and (2) the blending tank tender helper would expose her to dust, fumes, gasses, etc., contrary to the ALJ's limitation of exposure to those factors.

At the hearing, the ALJ proposed a hypothetical with the limitations ultimately adopted in the RFC finding of the ALJ's opinion. (Tr. 185-92). The ALJ clarified that "[s]he should have superficial contact with coworkers and supervisors and the public, and by superficial contact, I mean the same type of contact that that individual might have – that a grocery clerk might have with those same types of people." (Tr. 189). The VE testified that with the limitations described, the hypothetical individual could perform the jobs of a cotton classer aide, a counter clerk, and a blending tank tender helper. (*Id.*). The VE testified these jobs were consistent with the limitations in the hypothetical provided by the ALJ. (*Id.*). While plaintiff relies on her opinion as to the requirements of the jobs identified by the VE, she presents no evidentiary support that these jobs would require more than superficial contact or would expose her to environmental concerns. Plaintiff has not shown that "superficial contact" means no contact or even minimal contact. Not only does plaintiff provide no evidence to support her assertions, she also ignores the ALJ's description of what "superficial contact" meant in the hypothetical. Further, the DOT contradicts some of plaintiff's assertions. For instance, DOT 520.687-066 for a blending tank tender helper specifically states the position involves working with juice concentrate, and not with dust, fumes, and gas.

Critically, during the administrative proceedings, plaintiff's attorney did not propose any of these questions to the VE, nor did plaintiff offer contradictory evidence. The VE testimony provided substantial evidence for the ALJ to rely on in determining there were jobs suitable for plaintiff's RFC that exist in significant numbers in the national economy. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) (holding a plaintiff's ability to perform a job based on an assessment of his education level was supported by substantial evidence when the attorney neither cross-examined the vocational expert nor offered

contradictory evidence); *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (an ALJ is entitled to rely on the VE's knowledge of job requirements, and when conflict between the DOT and the VE's testimony is implied or indirect, the ALJ is entitled to rely on the VE's testimony as long as the record reflects an adequate basis).

The ALJ's finding that significant jobs existed in the national economy that plaintiff could perform was supported by substantial evidence. The Commissioner's decision should be affirmed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner finding plaintiff TEREZA FARAGOZA not disabled and not entitled to a period of disability benefits be AFFIRMED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___8th___ day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event

parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(defendant).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).